IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHNSON CARTER,

    Plaintiff,

v.

UNKNOWN HEIRS/HEALTH SERVICE UNIT, et al.,

    Defendants.

OPINION & ORDER

16-cv-252-wmc

---

*Pro se* plaintiff Johnson Carter filed this complaint under 28 U.S.C. § 1983, alleging the defendant's delay in treating his collar bone injury violated his Eighth Amendment rights. Because the court has determined that Carter may proceed based on his initial partial payment of the filing fee under the *in forma pauperis* statute, 28 U.S.C. § 1915, his complaint is ready for screening under 28 U.S.C. § 1915A. For the reasons that follow, however, Carter may proceed no further unless he addresses the deficiencies in his complaint described below.

ALLEGATIONS OF FACT[1]

For purposes of the events alleged in his complaint, Carter was incarcerated at Jackson Correctional Institution ("JCI"), located in Black River Falls, Wisconsin. Carter names as defendants unknown members of the Health Service Unit ("HSU") staff, JCI and the State of Wisconsin.

In May or June of 2012 or 2013, Carter injured his shoulder after tripping and falling on a concrete basketball court. When he fell, Carter heard his collar bone snap, noticed blood on his right arm and felt severe pain. He also had difficulty moving his right shoulder.

---

[1] For the purpose of this order, the court assumes the facts above based on a generous reading of the allegations in Carter's complaint. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (in addressing any pro se litigant's complaint, the court must read the allegations generously).

Carter was then HSU. When Carter arrived there, he was cradling his right arm and asking for help. An HSU staff member told him that "with a serious collarbone injury like that, there is nothing we can do. You just have to let it grow back like that." (Compl., dkt. #1, at 3.) Carter does not indicate that he received a diagnosis or treatment plan at that point.

One month later, Carter contacted Senator Lena Taylor's office regarding the lack of medical treatment he received at JCI, something he apparently had done once before. After contacting Sen. Taylor a second time, HSU performed an x-ray evaluation of Carter's right shoulder, which showed that his collar bone was fractured.

OPINION

According to plaintiff, the one-month delay in medical treatment both aggravated the pain he was experiencing in his right shoulder and caused the pain to linger for more than a year. He also alleges that the delay in medical treatment resulted in a permanent deformity in his right shoulder, a limited range of motion, pain and weakness. Carter further alleges that he is afraid of seeking help from HSU, believing his medical treatment was delayed as retribution for contacting Senator Taylor regarding medical treatment at JCI in the past. Finally, he alleges that the pain in his shoulder injury was aggravated while working in JCI's kitchen.

Plaintiff's allegations implicate the First and Eighth Amendments, but Carter may not proceed on his claims until he names a defendant who may be held liable under § 1983. In particular, claims under § 1983 must be alleged against "persons." Here, plaintiff's complaint names as defendants the HSU unit (although no specific staff member, even by description), JCI and the State of Wisconsin, but these are not "persons" under § 1983. Thus, each must

be dismissed from the lawsuit. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) ("neither a state nor its officials acting in their official capacities are 'persons' under § 1983").

Although plaintiff has failed to name a proper defendant, the court will nevertheless permit him to amend his complaint, because at least taking the allegations at face value, he may have a claim.

I.  **Eighth Amendment**

A prison official may violate the Eighth Amendment if the official is "deliberately indifferent" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment, or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006). "Deliberate indifference" means that officials were aware that the prisoner needs medical treatment, but disregarded the risk by consciously failing to take reasonable measures. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). Allegations of delayed care, even a delay of just a few days, may violate the Eighth Amendment if it caused the inmate's condition to worsen or unnecessarily prolonged his pain. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)("[T]he length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment.")(citations omitted); *Smith v. Knox County Jail*, 666 F. 3d 1037, 1039-40 (7th Cir. 2012); *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011).

Therefore, under this standard, plaintiff's claim has three elements:

1. Did the plaintiff need medical treatment?
2. Did defendants know that plaintiff needed treatment?

      3. Despite their awareness of the need, did defendants consciously fail to take reasonable measures to provide the necessary treatment?

Plaintiff's allegations regarding his broken collar bone and pain are sufficient facts from which to infer a medical need that required treatment. At the very least, these facts suggest that Carter needed to be seen by HSU staff for evaluation, proper diagnosis, pain management and instructions on how he should restrict his movements.

He has also alleged sufficient facts to permit an inference that an HSU staff member was deliberately indifferent to Carter's medical needs. In particular, plaintiff alleges sufficient facts suggesting that he had visible signs of severe pain, but that he was not properly evaluated, x-rayed, provided with any means to alleviate his pain or given any sort of treatment or follow-up plan. The significance of HSU staff's failure to provide treatment is further bolstered by plaintiff's allegation that he was not released from heavy lifting at his job in the JCI kitchen, which allegedly exacerbated the painful symptoms he was experiencing. Accordingly, if plaintiff can properly name an individual defendant from JCI's HSU, the court will permit him to proceed on an Eighth Amendment claim. If plaintiff is unable to identify a potential defendant by name, he may choose to amend his complaint to name a Jane or John Doe, understanding that he will have to take early discovery to identify a proper defendant.

II.    **First Amendment**

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To state a claim for retaliation under the First Amendment, Plaintiff must allege that: (1) he was engaged in constitutionally protected activity; (2) the defendant's conduct was sufficiently adverse to deter a person of "ordinary firmness" from engaging in the protected activity in

4

the future; and (3) the defendant subjected the plaintiff to adverse treatment because of the plaintiff's constitutionally protected activity. *Gomez v. Randle*, 680 F.3 d 859, 866-67 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541 (7th Cir. 2009).

Plaintiff's communication with Sen. Taylor is a constitutionally protected activity, and a delay in medical treatment that causes an aggravation of pain for up to a year would be sufficiently adverse to deter a person of "ordinary firmness" from engaging in the protected activity in the future. The question, therefore, is whether the alleged facts suggest that any adverse treatment plaintiff suffered was motivated, at least in part, by his letter to Senator Taylor.

Here, plaintiff has alleged no facts linking his delay in treatment to his first communication with Senator Taylor.[2] Indeed, plaintiff provides *no* details about the contents of that first communication, nor does he allege that the person responsible for treating him at HSU was even aware of this communication, much less was motivated to delay plaintiff's medical treatment because of it. Even under the lenient standard for notice pleading by a *pro se* plaintiff, a single conclusory statement based solely on "belief" may not be enough for Carter to proceed on his First Amendment retaliation claim, although the court will reserve on a final determination on this claim until after plaintiff amends his complaint.

ORDER

IT IS ORDERED that:

(1) Plaintiff Johnson Carter is DENIED leave to proceed on his claims against defendants Unknown Heirs/HSU, JCI and the State of Wisconsin, all of whom are DISMISSED.

---

[2] While plaintiff also alleges that an x-ray was performed *after communicating* with the senator another time, this seemingly favorable effect of contacting the senator would not ameliorate any initial delay in treatment were the latter actually meant as punishment for Carter's original contact.

(2) Carter may have until **September 6, 2016**, to amend his complaint to name appropriate defendants. Any amended complaint will be screened in accordance with 28 U.S.C. § 1915A.

(3) If Carter does not file an amended complaint as directed, this case will be dismissed and Carter will received a STRIKE pursuant to 28 U.S.C. § 1915(g) for failure to state a claim upon which relief will be granted. *See* § 1915(g)(barring a prisoner from bringing any more actions or appeals *in forma pauperis,* unless in imminent danger of serious physical injury, after three or more "strikes" or dismissals for filing a civil action or appeal that is frivolous, malicious or fails to state a claim).

Entered this 15th day of August, 2016.

                               BY THE COURT:

                               /s/

                               WILLIAM M. CONLEY
                               District Judge