IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHNSON CARTER,

                Plaintiff,

    v.

CARLA GRIGGS,

                Defendants.

OPINION AND ORDER

16-cv-252-wmc

---

On November 4, 2019, a jury heard evidence on plaintiff Johnson Carter's Eighth Amendment and Wisconsin negligence claims against defendant Carla Griggs arising out of her alleged failure to treat his shoulder injury in 2013 while Carter was incarcerated at Jackson Correctional Institution. On November 5, 2019, the jury found in defendant Griggs' favor. On January 23, 2020, Carter filed a motion to throw out the jury's verdict (dkt. #147), asserting for the first time that the person who purported to be Griggs during the trial was not, in fact, the person who examined his shoulder injury in 2013. Since there is no excuse for Carter's failure to mention this concern until several months after trial, much less any reason to conclude that Griggs committed a fraud on the court, Carter's motion will be denied.

BACKGROUND

When Carter filed his complaint in this lawsuit, he labeled the nurse who allegedly mishandled his shoulder injury May 7, 2013, as Nurse Jane Doe. On November 18, 2016, the court granted Carter leave to proceed against Doe. After discovery, Carla Griggs was

later identified as the Jane Doe nurse that Carter had intended to sue, and the Wisconsin attorney general's office formally appeared on her behalf on February 2, 2017. After denying Griggs' motion for summary judgment, the court recruited counsel for Carter, who conducted an in-person deposition of Ms. Grigg's on Carter's behalf in advance of trial. Additionally, Griggs appeared in person during the November 2019 jury trial.

Carter now claims that upon seeing Griggs on the first day of trial, he told his recruited counsel that she was not the person who examined him on May 7, 2013. Carter further claims that counsel told him to proceed with the trial against Griggs anyway. Finally, based on her nervous demeanor during the trial, Carter claims that *Griggs* also knew she had never examined him.

OPINION

Obviously, Carter's revisionist history is a little hard to accept, not least of all because he proceeded to testify to the jury under oath that Griggs was in fact the nurse who failed to treat his shoulder injury in 2013. Even accepting his version of events, however, his claim for relief must be denied at this time.

Under Rule 60(b), a court is empowered to relieve a party from a final judgment and re-open a case for a very limited numbers of reasons. Although "fraud, misrepresentation, or misconduct by an opposing party" is among those reasons, relief from any final judgment, much less one tried to a jury, "is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Trad. Baking,*

*Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). Plaintiff's motion falls well short of this high hurdle for at least two reasons.

*First*, Carter's Rule 60(b)(3) motion is untimely. A party seeking relief under Rule 60(b)(3) must move for relief within one year of "the entry of the judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c)(1). However, this one-year deadline is the *outside* limit of when motions may be brought under Rule 60(b)(3); "the interior limit is reasonableness." *Merit Ins. Co. v. Leatherby Ins. Co.*, 728 F.2d 943 944 (7th Cir. 1984) (citing *Bank of California v. Arthur Anderson & Co.*, 709 F.2d 1174, 1176-77 (7th Cir. 1983). Here, Carter claims he learned that Griggs was not the person who examined him after seeing her in the courtroom before the start of trial on November 4, 2019. Carter further claims that he immediately told his attorney that Griggs was not the proper defendant, explaining the only reason he did not raise this concern was that his attorney recommended they proceed to trial. Given the significance of Carter's alleged realization -- he was proceeding to trial against the wrong person altogether -- it was wholly unreasonable for him to remain silent, even assuming his attorney advised him otherwise. Moreover, to the extent one might try to understand his initial silence in light of his attorney's alleged advice, Carter's continued silence throughout trial and, worse, testifying under oath to facts about Griggs' conduct that he now claims he knew were untrue, is not just unreasonable: it is perjury. Finally, by waiting until after the verdict was returned by the jury in Griggs' favor to come forward, much less waiting for another *two and a half months* before doing so, Carter should effectively be estopped from challenging the jury's verdict in this case. For all these

3

reasons, the court finds Carter's motion untimely under the reasonableness standard of Rule 60(c)(1).

*Second*, even if timely, Carter's has not met the difficult burden for relief under Rule 60(b)(3), and is borderline frivolous. To succeed on a motion brought under Rule 60(b)(3), the movant must prove that he was prevented from "fully and fairly presenting" a meritorious claim due to an opposing party's fraud, misrepresentation, or misconduct. *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) (citing *Wickens v. Shell Oil Co.*, 620 F.3d 747 (7th Cir. 2010)); *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995) (citation omitted). In considering Carter's motion, the court weighs the competing policy interests of the finality of judgment against fundamental fairness considering all the facts. *Londsorf*, 47 F.3d at 897.

Carter's assertions in his motion do not begin to suggest that defendant Griggs fraudulently represented that she was the one who met with him on May 7, 2013. Carter claims that the Griggs was not the nurse he met with on May 7, 2013, since the woman he met was heavier -- about 250 pounds. Yet in Carter's own deposition, taken February 5, 2019, he described Griggs as "5'7" or 5'8", weigh[ing] about, I'd say, 160 pounds. If I remember right, I think she's brunette, I believe." (Dkt. #86, at 35.) Carter further testified that he believed she was in her "40s or 50s," and did not remember anything else remarkable about her. (*Id.* at 36.) Carter does not begin to reconcile the fact that over a year before bringing this motion, now claiming that the person he saw was 250 pounds, he testified under oath that she was actually some 90 pounds lighter.

Given that Carter can point to no other evidence suggesting that Griggs was lying to the court about seeing Carter for his injury in 2013, other than his own surmising about her demeanor at trial and his admission that *he* lied, there is no basis to conclude that *she* committed fraud or engaged in any other misconduct that affected the verdict. Accordingly, in addition to finding Carter's motion untimely, the court will deny Carter's motion to set aside the verdict on the merits.

ORDER

IT IS ORDERED that plaintiff Johnson Carter's motion to throw out the jury verdict (dkt. #147) in this case is DENIED.

Entered this 17th day of September, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge